UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES ARTHUR PAYNE, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:02-pt-00033<br><br>Honorable Richard Alan Enslen |

**REPORT AND RECOMMENDATION**

There is a pending Petition for Warrant or Summons for Offender Under Supervision regarding defendant, James Arthur Payne. The matter was referred to me for a report and recommendation by the Honorable Richard Alan Enslen. The petition alleges that Mr. Payne violated Additional Condition Number 2 of his supervised release, specifically:

VIOLATION 1: On or about June 28, 2007, James Payne assaulted his wife, Donna Payne, by pushing her into the counter, punching her in the back of the head and choking her with both of his hands. Grand Rapids, Michigan, Police Department (GRPD) officers responded to the scene, however, Mr. Payne had already fled the residence. The officer observed fingernail marks and redness on Mrs. Payne's neck, along with a small lump on the back of her head and a red mark on her leg. Domestic violence is in violation of MCL 750.81 and is a misdemeanor punishable by 93 days imprisonment and/or a $500.00 fine.

Mr. Payne was taken into custody July 2, 2007 with a preliminary hearing and detention hearing held on Thursday, July 5, 2007, at which probable cause was found to support the allegation in the Petition. A final revocation hearing was held Thursday, July 26, 2007. At both hearings, defendant was represented by appointed counsel, David Kaczor.

At the revocation hearing, the Court found by a preponderance of the evidence that the alleged offense did occur. 18 U.S.C. § 3583(e)(3). Officer Peter Gavalis of the Grand Rapids Police Department reported to defendant's residence on June 28, 2007 in response to a 911 call. He interviewed defendant's wife, Donna Payne. A summary of that interview is contained in the GRPD incident report form, government Exhibit 1. According to Officer Gavalis, Mrs. Payne described a very serious domestic assault on her by her husband, the defendant.

At the revocation hearing, Donna Payne told a different story, specifically that she had initiated the physical confrontation and that her husband's actions had simply been defensive. her story was not consistent with color photographs contained in the government's Exhibit 2 introduced at the hearing showing red marks on her throat, a red line on her back, and red marks on other parts of her body.

Donna Payne testified in support of her husband. She stated that the physical altercation had started when she was startled by him and turned around and hit him with a plate. She explained her violent reaction to being startled as caused by the amount of stress she was under as a result of being evicted from their home, a history of domestic violence by a previous husband, and her failure to take her medication for bipolar disorder for two days. However, she did confirm that the color photographs were of her and that they were taken immediately following the incident.

Anna Pakiela, defendant's supervising officer, testified that she made a home visit in response to a call from Mrs. Payne. Among other things, Mrs. Payne admitted to Officer Pakiela that

defendant had choked her. She also confirmed that an altercation had taken place but she was adamant that she did not want to press charges against her husband. Whether defendant or his wife started the physical confrontation, it is clear that defendant engaged in it.

The undersigned recommends that his sanction be as follows:

First, the undersigned recommends a six month period of custody with credit for time served.

Second, it is recommended that Mr. Payne, upon release from custody, be sentenced to a period of supervised release of 12 months.

It is further recommended that all previous conditions of supervision as ordered on March 5, 2007 be reinstated.


Date:  August 3, 2007                                         /s/ Ellen S. Carmody
                                                              ELLEN S. CARMODY
                                                              United States Magistrate Judge


**NOTICE TO PARTIES**

You have the right to review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the filing of this Report and Recommendation.